**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIANTE DION SCOTT, | No. 19-17381 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-01146-LJO-GSA |
| v. | |
| OLGA BEREGOVSKAY, M.D.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted August 5, 2020[**]

Before: SCHROEDER, HAWKINS, and LEE, Circuit Judges.

California state prisoner Tiante Dion Scott appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state

law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm in part, vacate in part, and remand.

The district court properly dismissed Scott's due process claim because Scott failed to allege facts sufficient to show a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a prisoner has no protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly dismissed Scott's failure-to-protect claim because Scott failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to his safety. *See Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (setting forth elements of a failure-to-protect claim).

The district court properly dismissed Scott's medical privacy claim because Scott failed to allege facts sufficient to show that that defendants interviewed Scott in the holding cages despite knowledge of a substantial risk of serious harm, or that such interview improperly disclosed any private information. *See Lemire*, 726 F.3d at 1074*; Norman–Bloodsaw v. Lawrence Berkeley Lab.,* 135 F.3d 1260, 1269 (9th Cir. 1998) (discussing the constitutionally protected privacy interest).

19-17381

The district court dismissed Scott's medical deliberate indifference claim because Scott failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to his health. However, Scott alleged that he informed defendants of pain resulting from his neck wound and arm injury, defendants failed to provide and delayed medical treatment for Scott's neck infection, bicep tear, and torn rotator cuff, and he was later found to have an infected piece of a foreign object lodged in his neck. Liberally construed, Scott's allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *id.* at 1122 (denying or delaying medical treatment can amount to deliberate indifference); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official is deliberately indifferent if he or she knows of and disregards an excessive risk to an inmate's health). We vacate the district court's judgment as to Scott's medical deliberate indifference claim and remand for further proceedings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, VACATED in part, and REMANDED.**

3                                                                      19-17381